UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

              Plaintiff,

     -against-

JOHN DOE, *Subscriber assigned IP address: 158.222.193.37,*
      Defendant.

25-CV-10611 (AT) (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion for leave to serve a third party subpoena on defendant John Doe's Internet Service Provider ("ISP"), Spectrum,  prior to a Rule 26(f) Conference, to ascertain John Doe's identity (the "Third-Party Early Discovery Motion") (ECF 12). Judge Torres referred the Third-Party Early Discovery Motion to me. (*See* ECF 10, Order.) I have carefully reviewed Plaintiff's submissions. (ECF 13, Pl.'s Mem.; ECF 13-1, Declaration of Patrick Paige ("Paige Decl."); ECF 13-2, Declaration of Jorge Arco ("Arco Decl."); ECF 13-3, Declaration of Susan B. Stalzer ("Stalzer Decl.")) For the reasons set forth below, the Third-Party Early Discovery Motion is GRANTED.

## Background

Strike 3 owns copyrights for adult motion pictures and operates one of the largest paid-subscription platforms for adult content. (*See* ECF 1, Compl. ¶¶ 2-3.) Strike 3 contends that defendant, through the BitTorrent file distribution network, illegally downloaded and distributed 26 copyrighted motion pictures over an extended period. (*See id*.  ¶¶ 4, 47-48.) On December 22, 2025, Strike 3 filed its complaint for direct copyright infringement against John Doe. (*See id*.) On January 14, 2025, Judge Torres referred this case to me for general pre-trial supervision and to resolve this motion, which is non-dipositive. (*See* ECF 10, Order.)

Strike 3 has identified John Doe only through an IP address. (*See* ECF Compl. ¶¶ 12, 34-44.) To ascertain his identity, Strike 3 moved for leave to serve a subpoena on his ISP, Spectrum. (*See* ECF 12, Pl.'s Mot. at 1; ECF 13, Pl's Mem. at 1.)

### Legal Standards

Under Rule 26(d)(1), a party a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (quoting *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)).[1] Where, as here, a plaintiff seeks expedited discovery on an ex parte basis, the Court applies particularly careful scrutiny. *See Strike 3 Holdings*, 329 F.R.D. at 521 (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)); *see also Strike 3 Holdings, LLC v. Doe,* No. 18-CV-5586 (LAK) (KNF), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018) (applying both the reasonableness and good cause standards for early discovery as well as the heightened scrutiny required for ex parte submissions). The "principal factors" that courts consider when deciding whether expedited discovery is appropriate include:

> (1) the plaintiff's ability to make out a prima facie showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the

---

[1]    Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, and alterations from quoted text.

information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the [d]efendant's expectation of privacy.

*Strike 3 Holdings*, 329 F.R.D. at 521 (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)); *see also Strike 3 Holdings, LLC v. Doe*, No. 19-CV-5818 (AT) (JLC), 2019 WL 5459693, at *2 (S.D.N.Y. Oct. 9, 2019) (discussing the *Arista* factors in the context of a Rule 26 motion).

### Analysis

In this case, all the principal factors weigh in favor of granting the motion. First, Plaintiff has made out a prima facie claim of copy right infringement. To state a claim of copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Urbont v. Sony Music Ent.*, 831 F.3d 80, 88 (2d Cir. 2016) (quoting *Beatie v. City of New York,* 123 F.3d 707, 710-11 (2d Cir. 1997)). In its complaint, Plaintiff adequately describes the copyrighted works at issue and provides comprehensive allegations regarding the way that Defendant copied the various works, including the dates and times of the infringement and the IP address and technology used copy the works. (*See* ECF 1, Compl. ¶¶ 13-56; ECF 13-1, Paige Decl. ¶¶ 16-19, 26-27; ECF 13-2 Arco Decl. ¶¶ 14, 41-89; ECF 13-3 Stalzer Decl. ¶¶ 7-11.)

Second, Plaintiff has limited the scope of discovery to Defendant's name and address, (*see* ECF 13, Pl.'s Mem. at 7), which previous courts in similar cases involving the same plaintiff have found "is a limited and highly specific set of facts." *E.g., Strike 3 Holdings*, No. 18-CV-5586, 2018 WL 5818100, at *1; *Strike 3 Holdings*, No. 19-CV-5818, 2019 WL 5459693, at *3; *Strike 3 Holdings, LLC v. Doe*, No. 25-CV-3195 (AT), 2025 WL 1348526, at *1 (S.D.N.Y. May 8, 2025).

Third, Plaintiff has adequately shown that a third-party subpoena is the only method by which it can ascertain Defendant's identity. (*See* ECF 13, Pl.'s Mem. at 7.) According to Plaintiff, "BitTorrent software is largely anonymous except insofar as it requires a user to broadcast the

user's IP address." (*Id.* (quoting *John Wiley.& Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)).) As Plaintiff explains, "the only entity that can correlate the IP address to its subscriber and identify the Defendant as the person assigned to the IP address is the Defendant's ISP." (ECF 13, Pl.'s Mem. at 7 (quoting *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-1651 (AT) (JLC), 2019 WL 1211864, at *2 (S.D.N.Y. Mar. 15, 2019)); *see also* ECF 13-1, Paige Decl. ¶ 28.)

Fourth, for similar reasons, Plaintiff has adequately demonstrated that, without the requested subpoena, it will not be able to serve Defendant and thus will not be able to pursue this action further. (*See* ECF 13, Pl.'s Mem. at 8. (citing *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004)).)

Fifth, Courts in this District have repeatedly recognized that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *E.g.*, *Strike 3 Holdings*, No. 19-CV-5818 (AT) (JLC), 2019 WL 5459693, at *4 (quoting *Malibu Media, LLC v. John Does 1–11*, No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013)); *see also Strike 3 Holdings,* No. 25-CV-2007 (AT), 2025 WL 1184014, at *2.

As each of these factors weighs in favor of Plaintiff, I find good cause to grant Plaintiff's request. Consistent with the Court's practice and with Plaintiff's encouragement (*see* ECF 13, Pl.'s Mem. at 9), this order includes "a protective order and notice procedure in connection with the subpoena in light of the substantial risk for false positive identifications that could result in annoyance, embarrassment, oppression, or undue burden or expense." *Strike 3 Holdings,* No. 25-CV-2007 (AT), 2025 WL 1184014, at *2; *see also Strike 3 Holdings,* 329 F.R.D. at 522.

## Conclusion

For the reasons set forth above, Plaintiff's Third-Party Early Discovery Motion is GRANTED.

4

Additionally, it is hereby ORDERED that:

(1)  Plaintiff may serve a Fed. R. Civ. P. 45 subpoena immediately on the ISP, Spectrum, of the John Doe subscriber identified by the IP address 158.222.193.37, to obtain information from which to identify Defendant, specifically his name and his current and permanent addresses. Plaintiff is not permitted to subpoena the ISP for Defendant's email address(es) or telephone number(s). Plaintiff shall attach a copy of this order to the subpoena;

(2)  the ISP will have 60 days from the date of service of the subpoena and this order to file any motion(s) with the Court challenging the subpoena (including a motion to quash or modify the subpoena) as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of John Doe to Plaintiff before the expiration of this 60-day period. Additionally, if Defendant or the ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Plaintiff until resolution of the motion(s) and issuance by the Court of an order instructing the ISP to do so;

(3)  the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any motion to quash that is filed timely;

(4)  an ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing information requested in the subpoena. If the ISP elects to charge for the production cost, it shall provide a billing summary and cost report to Plaintiff; and

(5)  any information disclosed to Plaintiff in response to the subpoena may be used only for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

The Clerk of Court is respectfully requested to terminate ECF 12.

DATED:  February 2, 2026
        New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge